**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| COGAR VENTURES, LLC,       ) | |
|                  ) | |
|      Plaintiff,     ) | **Civ. No. _____** |
|                  ) | |
|     v.          ) | |
|                  ) | **VERIFIED COMPLAINT** |
| YITZCHOK KARASICK and   ) | |
| TERRI KRAUT-KARASICK,   ) | |
|                  ) | |
|      Defendants.   ) | |

Plaintiff Cogar Ventures, LLC ("Cogar Ventures"), as and for its Verified Complaint herein, alleges as follows:

## NATURE OF THE ACTION

1. This is an action for default on a Promissory Note and for recourse to a related Guaranty and pledged collateral.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. Section 1332. The amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

3. Venue is proper in this district pursuant to 28 U.S.C. Section 1391(b)(1).

## THE PARTIES

4. Plaintiff Cogar Ventures is a Delaware limited liability company with its principal place of business located at 755 N. Alfred St., Unit D, Los Angeles, California 90046.

5. Defendant Yitzchok Karasick ("Mr. Karasick") is an individual residing at 75 Thames Blvd., Bergenfield, New Jersey 07621.

6.    Defendant Terri Kraut-Karasick ("Ms. Karasick") is also an individual residing at 75 Thames Blvd., Bergenfield, New Jersey 07621.

## THE FACTS

7.    By a certain Promissory Note dated November 3, 2025, a true and correct copy of which is annexed hereto as Exhibit A (the "Note"), Cogar Ventures made a loan to Defendants on the terms set forth therein, in the amount of $300,000 (the "Principal Amount"), payable on January 2, 2026 (the "Maturity Date"), together with a Loan Fee in the amount of $30,000 (the Principal Amount, plus the Loan Fee, being the "Total Loan Amount").

8.    By the express terms of the Note, each of the Defendants agreed to be jointly and severally liable for the timely payment of the Total Loan Amount.

9.    The Defendants failed to make any payment of or towards the Total Loan Amount on or before the Maturity Date and thereby defaulted on the Note.

10.   By a certain Agreement effective as of March 5, 2026, a true and correct copy of which is annexed hereto as Exhibit B (the "Modification Agreement"), Cogar Ventures agreed to modify the Note by, *inter alia,* (a) extending the Maturity Date on the Note to April 15, 2026 (the "Modified Maturity Date") and (b) releasing Mr. Karasick as a co-borrower on the Note, in exchange for, *inter alia,* (i) an additional loan fee on the Note that increased the Total Loan Amount to $375,000 (the "Modified Total Loan Amount"), (ii) a personal guaranty from Mr. Karasick for payment of the Modified Total Loan Amount upon the Modified Maturity Date, pursuant to the terms of a written Guaranty, a true and correct copy of which is annexed hereto as Exhibit C, (iii) "collateral security for the prompt and complete payment" of the Note when due in the form of a "first priority security interest" in his share of the proceeds and the share belonging to his wholly owned company, LC Avia Manager LLC, from a certain tax refund owed to LC Avia Investors III

LLC in connection with the sale of certain real estate (the "Collateral"), pursuant to the terms of a certain Pledge and Security Agreement and its related and duly filed UCC-1 Financing Statement, true and correct copies of which are annexed hereto as Exhibit D.

11. Notwithstanding the foregoing, Defendants failed to make any payment of or towards the Modified Total Loan Amount on or before the Modified Maturity Date.

12. Despite Plaintiff sending a final Demand for Payment on April 30, 2026 (a copy of which is annexed hereto as Exhibit E), Defendants have still failed to make any payment of or towards the Modified Loan Amount.

13. Defendant Ms. Karasick is in default on the Note, as modified, and Defendant Mr. Karasick is in default on the Guaranty.

14. The Note and Guaranty provide that, in the event of a default, the Defendants shall pay interest on the unpaid Modified Total Loan Amount at 5% per annum for so long as it remains unpaid, subject to any greater statutory judgment rate that might be applicable post-judgment.

15. The Note and Guaranty require Defendants to pay any and all legal fees and expenses incurred by Plaintiff in connection with any efforts by Plaintiff to enforce the Note and/or Guaranty, including, but not limited to, by way of litigation.

### <u>COUNT ONE</u>
**(For Breach of Contract against Ms. Karasick)**

16. Plaintiff repeats and realleges each of the allegations contained in paragraphs 1 through 15 as if fully set herein.

17. Plaintiff has fully performed all of its obligations under the Note and the Modification Agreement.

18. Defendant Ms. Karasick has not paid the Total Loan Amount and has thus materially breached the Note, as modified.

19.    As a direct result of the foregoing, Plaintiff has been damaged in an amount not less than $375,000, plus interest and attorney's fees and expenses related to collecting same.

## COUNT TWO
### (For Breach of Contract against Mr. Karasick)

20.    Plaintiff repeats and realleges each of the allegations contained in paragraphs 1 through 18 as if fully set herein.

21.    Defendant Mr. Karasick has not paid the Total Loan Amount and has thus materially breached the Guaranty.

22.    As a direct result of the foregoing, Plaintiff has been damaged in an amount not less than $375,000, plus interest and attorney's fees and expenses related to collecting same.

## COUNT THREE
### (For Injunctive Relief)

23.    Plaintiff repeats and realleges each of the allegations contained in paragraphs 1 through 18 and 21 as if fully set herein.

24.    Pursuant to the Pledge and Security Agreement, Defendant Mr. Karasick pledged to Plaintiff "a first priority security interest" in the Collateral and covenanted not to "directly or indirectly sell, assign, transfer, exchange or otherwise dispose of or grant any option with respect to" the Collateral or otherwise encumber the Collateral, without Plaintiff's prior written consent.

25.    Upon the default on the Note, as modified, by Defendant Ms. Karasick and the default on the Guaranty by Defendant Mr. Karasick, Plaintiff demanded (per Exhibit E) that Defendant Mr. Karasick advise Plaintiff as to the status of the Collateral, that he satisfy the indebtedness to the fullest extent possible out of the Collateral and that he confirm that he has not and will not compromise Plaintiff's interest in or access to the Collateral; however, Defendant Mr. Karasick has not done so.

4

26.   Plaintiff will suffer irreparable harm in the event Mr. Karasick fails to maintain the Collateral for Plaintiff's benefit in strict accordance with the terms of the Pledge and Security Agreement.

27.   The balance of hardships weighs heavily in favor of enjoining defendant Mr. Karasick from directly or indirectly selling, assigning, transferring, exchanging or otherwise disposing of or granting any interest in the Collateral without Plaintiff's prior written consent.

28.   There is no public interest in denying the relief requested.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays for judgment as follows:

A.   Damages in an amount not less than $375,000 to be determined at trial, plus interest, attorney's fees and costs.

B.   An order enjoining Defendant Yitzchok Karasick from directly or indirectly selling, assigning, transferring, exchanging, dissipating or otherwise disposing of, encumbering or impairing the Collateral or his interest in the Collateral specified in the Pledge and Security Agreement annexed hereto as Exhibit D, or otherwise encumbering the Collateral, without Plaintiff's prior written consent, and

C.   Such other and further relief as the Court deems just and proper.

Dated: May 29, 2026

Respectfully submitted,

Michael Horn, Esq.

5