# Exhibit C

Docusign Envelope ID: 7557E34F-FBD3-4250-B7B4-8FD89ED367BB

# GUARANTY

THIS GUARANTY (this "**Guaranty**") is given on _____, 2026 by YITZCHOK KARASICK ("**Guarantor**"), to COGAR VENTURES LLC**,** a Delaware limited liability company ("**Lender**").

Terri Kraut-Karasick ("**Borrower**") is the borrower under a Loan ("**Loan**") in the original amount $300,000.00.  The Loan is evidenced by a Promissory Note ("**Note**") in the Loan amount, and is secured by a mortgage (the "**Mortgage**") on real property located in New Jersey (the "**Property**").  The Loan is in default and concurrently herewith Lender has agreed to restructure the Loan upon the terms set forth in the Modification Agreement of even date herewith (the "**Modification Agreement**"). The Modification Agreement is conditioned on Guarantor's execution and delivery to Lender of this Guaranty.  The Modification Agreement, Note, the Mortgage, and all other documents executed by Borrower or Guarantors in connection with the Loan are collectively referred to as the "**Loan Documents**."  As used herein, the term "**Guaranteed Obligations**" refers to all of the Payment and Performance Guaranteed Obligations. Capitalized terms which are not defined herein will have the meaning set forth in the Loan Documents.

NOW, THEREFORE, in consideration of the benefits to Guarantor from the Loan to Borrower, the receipt and sufficiency of which are hereby acknowledged by Guarantor, and to induce the Lender to make the Loan to Borrower, Guarantor agrees as follows:

### 1.    GUARANTEED OBLIGATIONS.

Without limiting Guarantor's obligations and liabilities elsewhere in this Guaranty, Guarantor personally, unconditionally, jointly, severally, directly, irrevocably and absolutely guarantees (i) the due and punctual payment of the principal and interest of the Note (collectively the "**Indebtedness**"), and (ii) the full, complete and timely payment and performance of every other obligation imposed on Borrower under the Loan Documents, whether according to the present terms of the Loan Documents or any subsequent modifications, extensions, renewals, and replacements thereof.  Collectively all of Guarantor's obligations under this Section 1 are referred to as the "**Payment and Performance Guaranteed Obligations**."

### 2.    REPRESENTATIONS, WARRANTIES AND COVENANTS.

Guarantor represents, warrants and covenants to Lender as follows:

(a)    Reliance.  Guarantor understands that Lender would not agree to the Modification Agreement without this Guaranty;

(b)    Survival.  The Guarantor's obligations to perform the Guaranteed Obligations are personal, unconditional, joint, several, direct, irrevocable and absolute, and survive and are enforceable against the Guarantor even if the direct performance thereof

1

109351041.2

by Borrower or other Guarantor(s) was discharged, released or otherwise relieved (e.g. discharged in bankruptcy).

**3.    RIGHTS OF LENDER.**

It is intended that Guarantor will remain fully liable, regardless of any act or omission by Lender which might otherwise directly or indirectly result, by operation of law or otherwise, result in the discharge or release, in whole or in part, of the Borrower, any other guarantor, or any other person, or the discharge, release, or impairment of the Property or any other collateral now or hereafter held, pledged or assigned as security for any of the obligations under the Loan Documents (collectively the Property and all other collateral is referred to as "**Collateral**").  Without limiting the generality of the foregoing, Guarantor agrees that Lender may do or fail to do any of the following one or more times, without notice to or approval of any Guarantor, and without diminishing, altering, or otherwise affecting the absolute, unconditional, and irrevocable liability of any Guarantor hereunder:

(a)    Lender may agree with Borrower on any modification, extension, renewal, and replacement of any of the terms and conditions of the Loan Documents;

(b)    Lender may extend, renew, accelerate, or otherwise change the time for payment and performance of any of the obligations under the Loan Documents;

(c)    Lender may release Borrower, any guarantor, or any other person having any liability under the Loan Documents;

(d)    Lender may release, surrender, substitute, exchange or consent to the transfer of any of the Collateral;

(e)    Lender may agree to the modification, substitution, exchange or termination of any lease concerning the Property;

(f)    Lender is not required to marshal assets and may direct the order or manner of sale of the Collateral as Lender may determine in its discretion;

(g)    Lender may apply any money or the Collateral to the repayment of any amounts owing to Lender under the Loan Documents in any order Lender may determine in its discretion;

(h)    Lender may forbear from pursuing Borrower, any other guarantor, or any other person, or forbear from foreclosing or otherwise realizing upon any of the Collateral;

(i)    Lender may impair or fail to perfect a security interest in any of the Collateral;

(j)    Lender may sell the Collateral in any manner it may determine in its discretion, without notice to any Guarantor and whether or not such sale is commercially reasonable;

2

109351041.2

(k)    Lender is not required to notify any Guarantor of Lender's acceptance of this Guaranty;

(l)    Lender is not required to notify any Guarantor when Lender advances Loan proceeds, extends credit to Borrower, or pays any of Borrower's obligations;

(m)    Lender is not required to notify any Guarantor of any default under the Loan Documents; and

(n)    Lender is not required to make presentment or demand for payment or protest, nor notice of demand, protest, dishonor, or nonpayment.

## 4.    WAIVERS BY GUARANTOR.

Guarantor hereby waives all suretyship defenses, and any act or thing which might otherwise be deemed a legal or equitable discharge of a surety, and to the maximum extent permitted by law, any other defense arising in law or equity, including defenses based on any of the following:

(a)    Lack of diligence or any delays in collecting or enforcing the Loan Documents;

(b)    The failure or invalidity of, or any defect in, the Loan Documents;

(c)    Any disability or other defense of the Borrower, or any other guarantor, or any other person;

(d)    The termination from any cause whatsoever of any of the obligations under the Loan Documents, except upon satisfaction of all of the Guaranteed Obligations, including payment in full of all of the Indebtedness and satisfaction of all of Borrower's other obligations under the Loan Documents;

(e)    The loss or impairment of any right of recourse, reimbursement, contribution, subrogation, or any other right or remedy of any Guarantor against Borrower, any other guarantor, or any other person to recover amounts which Guarantor is obligated to pay under this Guaranty;

(f)    Any modification of any of the terms and conditions of the Loan Documents in any form whatsoever, and without notice to any Guarantor, including the renewal, extension, compromise, acceleration, or other change in time for payment or performance thereof and any increase or decrease in the rate of interest thereon;

(g)    Lender's foreclosure of the Collateral or any portion thereof; it being intended that this Guaranty will survive the realization upon any of the Collateral, including by nonjudicial foreclosure. Such waiver includes any defense, right, or claim that any such foreclosure satisfied the obligations secured thereby pursuant to applicable law;

3

109351041.2

(h)    Any right to demand a trial by jury in any proceeding relating to this Guaranty; and

(i)    Any duty of Lender to disclose any information, now or hereafter known to Lender, relating to the financial condition of Borrower or any other Guarantor, or Guarantor's risk under this Guaranty; Guarantor confirms it bears sole responsibility for being and keeping informed of the financial condition of Borrower and any other guarantor, and of all the circumstances bearing upon the risk of nonpayment and nonperformance of the Guaranteed Obligations.

## 5.    LENDER'S ELECTION OF REMEDIES.

The obligations of Guarantor hereunder are joint and several with and independent of the obligations of Borrower, any other guarantor, or any other person. This Guaranty may be enforced against Guarantor without attempting to collect from Borrower, any other guarantor, or any other person, and without attempting to enforce Lender's rights in any of the Collateral. Lender will have the right to exercise its remedies in such order as it determines in its sole discretion. Lender may join a Guarantor in any suit in connection with the Loan Documents or proceed against a Guarantor in a separate action. Upon foreclosure of any of the Collateral, only the net proceeds therefrom, after deducting all charges and expenses of any kind and nature whatsoever, will be applied to the reduction of the Guaranteed Obligations, and Lender will not be required to institute or prosecute proceedings to recover any deficiency prior to enforcement of this Guaranty. At any sale of the Collateral, Lender may purchase all or any part of the Collateral and apply against the amount bid all or any portion of the Indebtedness.

## 6.    BANKRUPTCY AND ASSIGNMENT OF RIGHTS.

If any payment made by Borrower is reclaimed (including in a bankruptcy, receivership or similar proceeding), Guarantor will be obligated to pay to Lender the amount so reclaimed. Guarantor assigns to Lender all rights Guarantor may have in any proceeding involving Borrower under the U.S. Bankruptcy Code, any receivership or insolvency proceedings involving Borrower, whether or not such rights relate to this Guaranty. Such assignment will not diminish, alter, or otherwise affect a Guarantor's liability under this Guaranty.

## 7.    INTENTIONALLY OMITTED.

## 8.    WAIVER OF RIGHT OF SUBROGATION.

Guarantor will have no right of subrogation, and waives any right to enforce any remedy Lender may have against Borrower, any other guarantor, or any other person, and waives any benefit of, and the right to participate in, any of the Collateral.

## 9.    INTENTIONALLY OMITTED.

## 10.    ATTORNEYS' FEES AND COLLECTION EXPENSES.

Guarantor agrees to reimburse Lender on demand for all legal fees and other costs and expenses incurred in collecting or enforcing this Guaranty, together with interest at the default rate

4

109351041.2

specified in the Note. Such fees, costs and expenses will include those incurred with and without suit and in any appeal, any proceedings under any present or future federal bankruptcy act or state receivership, and any post-judgment collection proceedings. Guarantor's obligations under this Section 10 are in addition to, and are not limited by, the guaranties stated in Section 1 above.

## 11.    TERMINATION:  EFFECT OF BANKRUPTCY.

Except for fraud, this Guaranty will terminate upon payment in full of the amounts owed to Lender in connection with the Loan (provided that it will be automatically reinstated if any payment is reclaimed in a bankruptcy or receivership proceeding, until Lender is paid the amount so reclaimed).

## 13.    MISCELLANEOUS.

(a)     The term "Lender" will include any subsequent holder of or participant in the Note, this Guaranty, and the other Loan Documents. Lender may assign the Loan Documents in whole or in part, and grant participations therein, without notice and without affecting any Guarantor's liability under this Guaranty. Lender may make available to any proposed assignee or participant all credit and financial data with respect to a Guarantor as may be in the possession of Lender. Guarantor agrees to furnish any additional information that any proposed assignee or participant may request.

(b)     This Guaranty will be binding upon and enforceable against Guarantor's heirs, legal representatives, successors and assigns.

(c)     This Guaranty will be governed by the laws of the State of New Jersey.

(d)     This Agreement constitutes the entire understanding between Lender and Guarantor, and no course of prior dealing between the parties, no usage of trade, and no parol or extrinsic evidence of any nature will be used to supplement or modify the terms of this Guaranty. This Guaranty may be changed, modified or supplemented only through a writing, signed by Guarantor and Lender. This Guaranty may be executed in counterparts which, when compiled, will comprise a single original Guaranty. This Guaranty may be delivered electronically (e.g. facsimile or email pdf) and a digital version (e.g. pdf) or other electronic signatures (including, without limitation, DocuSign and AdobeSign) of this Guaranty, fully executed and assembled, is binding as an original and considered "best evidence" thereof, each Guarantor intending to be, and hereby is, bound by any signatures delivered via electronically transmitted means, and is aware that the Lender will rely on any such electronically transmitted ".pdf" signatures, and hereby waive any defenses to the enforcement of the terms of this Guaranty based on the form of signature.

(e)     If any provision of this Guaranty is invalid, illegal or unenforceable, such provision will be considered severed from the rest of this Guaranty, and the remaining provisions will continue in full force and effect as if the invalid provision had not been included.

(f)     Guarantor will not transfer, pledge, hypothecate or otherwise encumber any of its properties or assets for less than full and adequate consideration paid to Guarantor, without the prior written consent of Lender. Similarly, Guarantor shall not transfer any assets into a trust or other entity without first satisfying Lender that the assets will remain accessible to Lender to satisfy

5

109351041.2

Docusign Envelope ID: 7557E34F-EBD3-4250-B7B4-8FD89ED367BB

Guarantor's obligations under this Guaranty to the same extent as assets held directly by Guarantor.

**EACH OF THE UNDERSIGNED UNDERSTANDS AND AGREES THAT (1) THE OBLIGATIONS UNDER THIS GUARANTY ARE SEPARATE AND INDEPENDENT FROM BORROWER, ANY OTHER GUARANTOR, OR ANY OTHER PERSON, JOINT AND SEVERAL WITH ALL OTHER GUARANTORS, AND REPRESENTS AN UNCONDITIONAL, ABSOLUTE, AND IRREVOCABLE OBLIGATION ON THE PART OF GUARANTOR TO PAY THE FULL AMOUNT OF THE INDEBTEDNESS WHEN DUE AND TO PERFORM ALL OF THE OBLIGATIONS, (2) LENDER IS NOT REQUIRED TO PURSUE THE BORROWER, ANY OTHER GUARANTOR, OR ANY OTHER PERSON, OR FORECLOSE OR REALIZE ON ALL OR ANY PORTION OF THE COLLATERAL, OR PURSUE ANY OTHER REMEDIES BEFORE DEMANDING FULL PAYMENT OR PERFORMANCE FROM ANY GUARANTOR, AND (3) GUARANTOR WILL REMAIN FULLY LIABLE TO PERFORM ALL THE OBLIGATIONS UNDER THIS GUARANTY EVEN IF BORROWER, ANY OTHER GUARANTOR, OR ANY OTHER PERSON IS DISCHARGED OR OTHERWISE RELIEVED OF LIABILITY UNDER THE LOAN DOCUMENTS.**

*[Remainder of page blank, signature pages to follow]*

6

109351041.2

Docusign Envelope ID: 7557F34F-EBD3-4250-B7B4-8FD89ED367BB

IN WITNESS WHEREOF, Guarantor has duly executed this Guaranty as of the date first above set forth.

**"GUARANTOR"**

Signed by:

YITZCHOK KARASICK

109351041.2